**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| E.P. and L.H.,<br><br>Plaintiffs,<br><br>v.<br><br>JANKI MOTEL, INC.,<br><br>Defendant. | Civil Action No.<br>1:26-cv-05507-VMC |

**ORDER**

Before the Court is Plaintiffs' Motion for Protective Order and Leave to Proceed Anonymously ("Motion," Doc. 3). For the reasons that follow, the Court will grant the Motion.

**DISCUSSION**

Federal Rule of Civil Procedure 10(a) requires that a complaint "include the names of all parties." The Eleventh Circuit has found that this requirement "serves more than administrative convenience . . . . It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992) (citation omitted). "This creates a strong presumption in favor of parties proceeding in their own names," *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011), and courts permit plaintiffs to

proceed under an anonymous or fictitious name only in "exceptional cases." *Frank*, 951 F.2d at 322.

Even so, "the rule is not absolute. A party may proceed anonymously in a civil suit in federal court by showing that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Francis*, 631 F.3d at 1315-16 (citations and quotations omitted). To determine whether a plaintiff has demonstrated such a privacy right, a court must consider "all the circumstances of a given case," but with particular and preliminary focus on three factors: (1) whether the plaintiff is seeking anonymity to challenge government activity; (2) whether the plaintiff will be required to disclose information of the utmost intimacy; and/or (3) whether the plaintiff will be compelled to admit an intention to engage in illegal activity and/or otherwise risk criminal prosecution. *Id.* at 1316 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981)). Other factors favoring anonymity include whether the plaintiff is a minor (or otherwise particularly vulnerable) and whether the plaintiff might be subject to violence or physical harm. *Id.* Anonymity is disfavored, however, if it "pose[s] a unique threat of fundamental unfairness to the defendant." *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)).

Based on the allegations of the Complaint, the Court finds that Plaintiffs have met their burden of showing a need to proceed anonymously and that it outweighs the presumption of judicial openness. Given that Plaintiffs and witnesses identified are alleged victims of sex trafficking, this case would require Plaintiffs to disclose information of the utmost intimacy. Plaintiffs were minors when they say they suffered psychological, physical, and sexual violence, and that they fear harassment and retaliation if their identities are disclosed. (Doc. 3 at 4–5). Moreover, because Plaintiffs propose to disclose their identities privately to Defendant, this case does not pose a unique threat of fundamental unfairness to the Defendant. Accordingly, the Court will grant the Motion.

## CONCLUSION

Plaintiffs' Motion for Protective Order and Leave to Proceed Anonymously (Doc. 3) is **GRANTED**. Plaintiffs are granted leave to proceed in this action anonymously, under the pseudonym initials "E.P." and "L.H."

The Court further **ORDERS** that all materials, documents, pleadings, exhibits, and evidence of any kind filed in this case referring to any witness identified by counsel for either party as a victim of sex trafficking or suspected victims of sex trafficking and Plaintiffs' family members shall refer to those witnesses by pseudonymous initials only.

Upon entry of this Order, Plaintiffs shall privately disclose their names to Defendant. Defendant shall be able to conduct discovery using Plaintiffs or witnesses' names. But for any publicly filed documents, the name of Plaintiffs, all witnesses identified or suspected of being sex trafficking victims, and Plaintiffs' family members shall be redacted or referred to only by the appropriate pseudonymous initials.

**SO ORDERED** this 9th day of October, 2026.

Victoria Marie Calvert
United States District Judge